**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1998**

FILED

January 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JOHNNY WAYNE HARRIS,** | **)** | **C.C.A. NO. 03C01-9803-CR-00086** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **UNICOI COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. LYNN W. BROWN** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF UNICOI COUNTY**

FOR THE APPELLANT:

JOHNNY WAYNE HARRIS
Pro Se
P.O. Box 5000
Mountain City, TN 37683-5000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

DAVID CROCKETT
District Attorney General

KENT GARLAND
Assistant District Attorney General
Courthouse, Main Street
Erwin, TN 37650

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Johnny Wayne Harris, appeals as of right from the order of the trial court summarily dismissing his pro se petition for post-conviction relief. We affirm the judgment of the trial court.

Following a jury trial, the Defendant was found guilty of attempted first degree murder. On direct appeal, he argued two issues: that the evidence presented was not sufficient to support his conviction and that the trial court imposed an excessive sentence because it improperly weighed the enhancing and mitigating factors. This Court affirmed both his conviction and his sentence of twenty-five years. <u>State v. Johnny Wayne Harris and Gary L. (Jake) Harris</u>, No. 03C01-9507-CC-00202, 1996 WL 403585, at *6 (Tenn. Crim. App., Nashville, July 19, 1996).

The Defendant filed a pro se petition for post-conviction relief on December 17, 1996. The petition alleged that the Defendant was entitled to post-conviction relief on the grounds that: (1) he received ineffective assistance of counsel, (2) the convicting evidence was insufficient to support his conviction, (3) he received an excessive sentence, (4) the trial judge erred in allowing certain prejudicial evidence to be introduced at his trial, and (5) the trial judge erred by disallowing certain defense testimony.

In the order dismissing the petition, the trial judge found that the grounds concerning the sufficiency of the evidence and the propriety of the sentence were

raised on direct appeal and thus had been previously determined. The trial judge further found that the issues concerning alleged errors of improperly admitting some evidence and excluding other evidence were waived because they were not raised on direct appeal, and further, that these grounds would not provide a basis for post-conviction relief.

Regarding the allegation of ineffective assistance of counsel, relevant portions of the petition for post-conviction relief state that the Defendant's attorney did not have the Defendant's full interest in mind, failed to file meaningful and "much-needed" motions, failed to file mitigating circumstances regarding sentencing, did not represent the Defendant zealously, and performed no investigation of witnesses on the Defendant's behalf. The trial judge determined that these allegations did not assert a colorable claim because the petition did not allege any facts relative to sentencing that were not considered at the time the Defendant was sentenced; and the petition did not name any witness whom counsel should have interviewed, what such a witness's testimony would have been, whether he requested counsel to interview such witnesses, or how any such witness's testimony would have affected the verdict. We note that the petition does not suggest what meaningful or "much-needed" motions the Defendant believes his attorney should have filed.

The 1995 Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201. The Act provides that a trial court must consider a petition within thirty days of its filing and "examine it together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Id. § 40-30-206(a). The prescribed form

for petitions requires that the grounds for relief be specified and that a petitioner set out the facts to establish a "colorable claim." See Tenn. R. Sup. Ct. 28, § 2(H). A colorable claim is one "that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Id. Furthermore, a petitioner must rebut the presumption that claims have either been waived or previously determined. Tenn. Code Ann. § 40-30-204(e).

"A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Id. § 40-30-206(g). An issue has been previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Id. § 40-30-206(h).

> Then, "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law."

Id. § 40-30-206(f).

We recognize that the Act "contemplates the filing of only one (1) petition." See Tenn. Code Ann. § 40-30-202(c). The legislature clearly expressed its will to limit numerous and frivolous challenges to convictions that arose under the prior law by repealing the entire former Act and replacing it with more stringent requirements in the current Post-Conviction Procedure Act. In the case sub judice, the Defendant timely filed a pro se post-conviction petition. Yet, the Act provides that:

> [f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed

> pro se, the judge <u>may</u> enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

<u>Id.</u> § 40-30-206(d) (emphasis added). Furthermore, the Rules of Post-Conviction Procedure provide that if the trial court determines that "a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition <u>or</u> an order requiring that the petition be amended." Tenn. R. Sup. Ct. 28, § 6(B)(4)(a) (emphasis added). Thus, when a trial court determines that a petitioner has not presented a colorable claim or that a claim has been waived, the court may, in its discretion, summarily dismiss the petition without the appointment of counsel. Almost any ground for relief except ineffective assistance of counsel may be raised during trial, and failure to raise a ground will be deemed a waiver. It appears clear that the legislature intended to restrict somewhat the ability of convicted criminals to collaterally attack their convictions. To a large extent, the availability and extent of post-conviction remedies lie within the discretion of the legislature.

We do not believe that the trial court erred by dismissing this petition. We view the trial court's rulings that the evidentiary and sentencing issues have been previously determined or waived to be entirely correct. Although the petition alleges the ineffective assistance of counsel, it does not contain a full disclosure of the factual basis of the grounds asserted. The petition instead contains bare allegations of violations of constitutional rights and mere conclusions of law. Although the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend the petition to comply with the code section, the statute does not mandate that the judge do so. We believe the trial

judge acted within his discretionary authority in summarily dismissing the petition for post-conviction relief.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE