IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. SONNY COULTER

**Appeal from the Criminal Court for Davidson County**
**No. 2001-D-1971     Cheryl Blackburn, Judge**

**No. M2011-00533-CCA-R3-CO - Filed June 19, 2012**

On January 10, 2002, the defendant, Sonny Coulter, pled guilty to one count of rape, and the trial court sentenced him to eight years, to be served at 100%. The trial court entered a corrected judgment in 2008 in which it set forth the defendant's supervision for life requirements. In 2011, the defendant filed a motion to "quash" the modified sentence, alleging that he had not been advised of the supervision for life requirement when he pled guilty. The trial court treated the motion as a petition for post-conviction relief that alleged that the defendant did not knowingly and voluntarily enter his guilty plea. It then summarily dismissed the petition after a hearing. On appeal, the defendant contends that the trial court erred on multiple grounds when it denied his motion, each of which is discussed below. After a thorough review of the record and applicable authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and JEFFREY S. BIVINS, J., joined.

Sonny Coulter, Albion, Pennsylvania, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

The facts underlying the defendant's guilty plea are not contained in the record. The record indicates that the defendant was indicted on charges of aggravated rape, and, on January 10, 2002, he pled guilty to the lesser-included offense of rape. On March 11, 2002, the trial court entered a judgment, sentencing the defendant to eight years, to be served as a violent offender at 100%. On April 30, 2008, the trial court entered a corrected judgment, reflecting the defendant's sentence as eight years and stating in the notes section, "*corrected on 4/30/08 to show lifetime supervision requirement."

On January 19, 2011, the defendant filed a motion to "quash" this sentence, arguing that he was unaware of the lifetime supervision requirement at the time he entered his plea of guilty. The trial court's order on this motion reads, in part:

> This Court requested Defendant's file from archives and has now reviewed the file and finds that Defendant's challenge lacks merit.
>
> Defendant entered his guilty plea to the lesser included charge of rape on January 10, 2002. Although the Judgment Form did not explicitly state the lifetime supervision requirement, the Guilty Plea Petition, signed by Petitioner the same day he entered his plea sets forth that as part of his best interest plea, he would plead to the charge of rape, a B felony, for a sentence of 8 years at 100% and that as part of the plea he would register as a sex offender and be subject to lifetime supervision. The portion regarding the registry and supervision, in fact, is marked with an asterisk (*) on the form. The lifetime supervision requirement was also addressed during the plea colloquy before the Court.
>
> However, since this requirement was not explicitly noted on the Judgment Form, this Court was presented with a Corrected Judgment form (not an Amended Judgment) on April 30, 2008. As noted at the bottom of the Corrected Judgment Form, this new form "corrected on 4/30/08 to show lifetime supervision requirement."[1] This requirement was not a new requirement; this supervision requirement was inadvertent[ly] omitted from the original Judgment Form signed on January 10, 2002.

---

[1]The Court noted in a footnote that the Defendant appeared in court on July 1, 2008, when he moved the Court to declare him indigent and waive his fines and court costs. The trial court stated that the archival record reflected that the motion was granted and that a written order was issued the same day.

> This Corrected Judgment Form did not add any requirements to Defendant's sentence; th[u]s, the Court finds Defendant's instant motion lacks merit and DENIES said motion.

The trial court then noted that, because the defendant's motion essentially argued that he was unaware of the lifetime supervision requirement at the time that he pled guilty, it would consider the motion as a post-conviction petition alleging that his guilty plea was not knowingly and voluntarily entered. The trial court noted that the defendant's motion, or petition, was filed on January 19, 2011. The trial court found that the defendant entered his plea on January 10, 2002, and, therefore, the post-conviction petition was filed well beyond the one-year statute of limitations. The trial court further found that, even were it to consider the date the corrected judgment was entered, April 30, 2008, the post-conviction petition was still untimely filed. For these reasons, the trial court summarily dismissed the petition.

It is from this judgment that the defendant now appeals.

## II. Analysis

On appeal, the defendant contends that the trial court erred when it: (1) "altered" his sentence by imposing the "further" judgment of lifetime supervision more than six years after the original sentence had been imposed; and, (2) improperly considered his motion as a post-conviction petition without appointing him counsel. He further asserts that his sentence is illegal and, therefore, his judgment is void.

### A. Corrected Judgment

The defendant contends that the trial court erred when it entered the corrected judgment. He asserts that, in the corrected judgment, the trial court "[r]esentence[d]" him by adding the supervision for life requirement while he was not present. He contends that the trial court also reduced by two months the jail credit to which he was entitled.

Upon our review of the record, we find absent the transcript from the guilty plea hearing, wherein the trial court said it discussed with the defendant the supervision for life requirements. Also absent from the record is the Guilty Plea Petition, signed by the defendant, that purportedly sets forth that his sentence included a lifetime supervision requirement. It is the duty of the appealing party to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b). "[I]n the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." *State v. Bibbs*,

806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

In this case, the defendant has failed to provide this Court with a complete record, including the guilty plea petition and a transcript of the guilty plea hearing. As such, we presume the trial court's findings are correct. The trial court found that the defendant's guilty plea petition included the lifetime supervision requirement and found that this requirement discussed this during the guilty plea hearing. The judgment originally entered mistakenly omitted the lifetime supervision requirement, so the trial court entered a corrected judgment that included this requirement. We conclude the trial court did not err when it entered the corrected judgment.

To the extent that the defendant complains about the trial court's reduction of the amount of jail credit he was afforded, we have previously held that there is no appeal as of right from the trial court's judgment regarding jail credits. *State v. Michael L. Calandros*, No. E2004-02382-CCA-R3-CD, 2005 WL 1712389, at *2 (Tenn. Crim. App., at Knoxville, June 23, 2005), *no Tenn. R. App. P. 11 application filed*. In that opinion we stated:

> Tennessee Rule of Appellate Procedure 3 states that a defendant can appeal as of right "from any judgment of conviction . . . from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). Therefore, the trial court's denial of the defendant's petition for pretrial credits is not included in the actions from which an appeal as of right may be taken. *See State v. Greg Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805 (Tenn. Crim. App., at Knoxville, Feb. 18, 2004).

*Id.* The defendant is not entitled to relief on this issue.

### B. Post-Conviction Petition

The defendant next contends that the trial court erred when it considered his motion as a post-conviction petition without appointing him counsel. After denying the defendant's motion upon the facts alleged therein, the trial court stated that the motion would not be timely filed, even if treated as a petition for post-conviction relief. It then summarily dismissed the petition. We discern no error in the trial court's decision.

-4-

A trial court may, in some instances, consider a motion such as the one filed by the defendant as a petition for post-conviction relief. *See e.g., State v. Shawn Meritt*, No. W2011-00662-CCA-R3-CD, 2011 WL 4865156, at \*1 (Tenn. Crim. App, at Jackson, Oct. 13, 2011), *no Tenn. R. App. P. 11 application filed.* Further, this Court has previously stated:

> The Rules of Post-Conviction Procedure provide that if the trial court determines that "a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition *or* an order requiring that the petition be amended." Tenn. R. Sup.Ct. 28, § 6(B)(4)(a) (emphasis added). Thus, when a trial court determines that a petitioner has not presented a colorable claim or that a claim has been waived, the court may, in its discretion, summarily dismiss the petition without the appointment of counsel.

*Harris v. State*, 996 S.W.2d 840, 841-42 (Tenn. Crim. App. 1999).

Tennessee Code Annotated section 40-30-102 is the controlling authority with regard to the statute of limitations for post-conviction relief petitions. It provides:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence. . . .

*Id.*

A trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. *See* T.R.A.P. 4(a), (c). The one-year statute of limitations for filing a post-conviction petition is jurisdictional. *See* T.C.A. § 40-30-102(b)(2006) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").  Our Supreme Court has held that "the one-year statutory period is an element of the right to file

a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider it if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. T.C.A. § 40-30-102(b)(1)-(3) (2006). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see, e.g., Seals v. State*, 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence).

In the case under submission, because the defendant's motion was filed well outside the one-year statute of limitations and the motion contained no factual allegations that would support a claim of due process tolling, the petition is time-barred. The trial court did not err when it summarily dismissed the motion, and the defendant is not entitled to relief on this issue.

### C. Habeas Corpus Argument

The defendant further asserts that his sentence is illegal and, therefore, his judgment is void. The defendant raises this issue for the first time on appeal. Because the defendant failed to raise this issue in his original motion it "may not be raised for the first time on appeal." *See State v. Townes*, 56 S.W.3d 30, 35 (Tenn. Crim. App. 2000) (reversed on other grounds); *see also* T.C.A. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . .").

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the trial court did not err when it summarily dismissed the defendant's motion. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE