IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2017

**TERRY LEA BUNCH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County
No. CC17-CR-145  Jill Bartee Ayers, Judge**

_____

**No. M2017-00670-CCA-R3-PC**

_____

Petitioner, Terry Lea Bunch, appeals the dismissal of his petition for post-conviction relief from his guilty pleaded conviction for third offense driving under the influence ("DUI").  The pro se petition alleged a defect in the charging instrument and was summarily dismissed by the post-conviction court for failure to state a colorable claim. Petitioner argues on appeal that the post-conviction court should have allowed him the opportunity to amend his petition to include an allegation of ineffective assistance of counsel.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

James R. Potter (on appeal), Clarksville, Tennessee, for the appellant, Terry Lea Bunch; Terry Lea Bunch, Clarksville, Tennessee, Pro Se (in post-conviction court).

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John W. Carney, District Attorney General; and Art Beiber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 24, 2016, an arrest warrant was issued charging Petitioner with one count of third offense DUI, one count of violation of the ignition interlock statute, one count of failure to exercise due care, and one count of violation of the open container statute.  The facts of the case, according to the affidavit of complaint compiled by the arresting officer, are as follows:

Terry Lea Bunch was operating a motor vehicle on Interstate 24. He struck a commercial motor vehicle and came to rest in the median. During my initial interview with Mr. Bunch[,] I detected an odor of an alcoholic beverage emitting from his breath. His eyes were blood shot and watery. I looked in the driver[']s side window and detected the strong odor of an alcoholic beverage emitting from the interior of the vehicle. The truck was open and in the truck I saw a 12 oz can of Natural light beer. Mr. Bunch performed poorly on three [standard field sobriety tests] and was arrested, transported and booked into Montgomery County Jail. Mr. Bunch had an Ignition Interlock Device attached to his vehicle that he had bypassed. He would not tell me how he bypassed the Interlock Device.

The affidavit of complaint also contains the following handwritten notation: "2x Prior DUI conv dates 7/12/2013, 6/1/2015." On October 3, 2016, Petitioner pled guilty in General Sessions Court to one count of third offense DUI, and the other charges were dismissed. Petitioner was sentenced to eleven months and twenty-nine days to serve, fined $1100, and had his driver's license suspended for six years. Petitioner did not file a direct appeal in this Court.[1]

On January 19, 2017, Petitioner filed in the Circuit Court[2] a pro se "Petition for Relief from Conviction or Sentence." Petitioner alleged that his conviction violated due process because the charging instrument did not contain the statutorily required information to support an enhanced DUI charge. Specifically, Petitioner complained that the affidavit of complaint did not set forth both the time and place of his prior DUI convictions in accordance with Tennessee Code Annotated section 55-10-411(b)(2). On February 6, 2017, the State filed a response, arguing that Petitioner's guilty plea waived all defects in the underlying charging instrument. On March 7, 2017, the post-conviction court filed an order dismissing the petition for failure to state a colorable claim. Petitioner filed a timely notice of appeal and was appointed appellate counsel.

On appeal, Petitioner argues that the post-conviction court erred in summarily dismissing his petition without appointing counsel or giving Petitioner the opportunity to amend his petition. According to Petitioner's appellate brief, his pro se petition "incorrectly framed the issue for post[-]conviction relief" and, had he been afforded the opportunity to amend his petition, he would have alleged that he "was denied effective

---

[1] There is some indication in the record that Petitioner filed and ultimately withdrew some sort of appeal in the Circuit Court prior to the filing of the instant post-conviction petition.

[2] The Circuit Court had jurisdiction to hear the petition under Tennessee Code Annotated section 40-30-104(a) ("Petitions challenging misdemeanor convictions not in a court of record shall be filed in a court of record having criminal jurisdiction in the county in which the conviction was obtained, and the case shall be assigned as set forth in § 40-30-105(b).").

assistance of counsel upon entry of a guilty plea to a facially invalid charging instrument."[3] The State responds that the post-conviction court properly dismissed the petition for failing to state a colorable claim for relief.

Under the Post-Conviction Procedure Act, relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Upon the initial filing of a petition for post-conviction relief, the post-conviction court must conduct a preliminary review to determine whether the petition states a colorable claim for relief. Tenn. Sup. Ct. R. 28 § 6(B)(2); *see also* T.C.A. § 40-30-106(a). A colorable claim for relief is a claim "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(H). "In the event the court concludes after the preliminary review that a colorable claim is not asserted by the petition, the court shall enter an order dismissing the petition *or* an order requiring that the petition be amended." Tenn. Sup. Ct. R. 28 § 6(B)(4)(a) (emphasis added); *see* T.C.A. § 40-30-106(f) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed."). In other words, the post-conviction court may dismiss the petition without appointing counsel or allow the petitioner the opportunity to amend the petition if it finds that the petition has failed to state a colorable claim. *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002); *Pewitt v. State*, 1 S.W.3d 674, 676 (Tenn. Crim. App. 1999).

Petitioner's pro se post-conviction petition alleged a due process violation with respect to the charging instrument, in this case the arrest warrant and affidavit of complaint. While both the state and federal constitutions guarantee an accused the right to be informed of the nature and cause of the accusation against him, neither creates a right to a charging instrument free from defect. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (recognizing "that an indictment need not conform to traditionally strict pleading requirements"). To satisfy constitutional requirements, a charging instrument must "'1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy.'" *State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006) (quoting *Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000)). Petitioner's specific contention—that the charging instrument fails to comply with the requirements for charging an enhanced DUI under Tennessee Code Annotated section 55-10-411(b)(2)—alleges only a statutory violation rather than a constitutional violation. Petitioner's claim, even if true, would not entitle him to relief under the Post-Conviction

---

[3] Though the judgment filed in the General Sessions Court does not indicate whether Petitioner was represented by an attorney, Petitioner indicated in his post-conviction petition that he was represented by an attorney throughout the proceedings.

Procedure Act. *See Kenneth DeWayne Johnson v. State*, No. M2013-02491-CCA-R3-PC, 2014 WL 3696268, at *3 (Tenn. Crim. App. July 24, 2014) (citing T.C.A. § 40-30-103) (holding that a statutory defect in a charging instrument did not raise a cognizable claim for post-conviction relief), *perm. app. denied* (Tenn. Nov. 19, 2014). Moreover, Petitioner's guilty plea waived all non-jurisdictional defects in the charging instrument. *See State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999) ("[T]he voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea.").

Petitioner's contention on appeal that he "incorrectly framed the issue" and would have amended his petition to allege ineffective assistance of counsel does not entitle him to relief. Petitioner is incorrect in his assertion that a post-conviction court is limited to dismissing a petition upon its preliminary review only if the petition appears to have been filed in the wrong court, is filed outside the statute of limitations, or is a second petition attacking a conviction when the first was resolved on the merits. *See* T.C.A. § 40-30-106(b). As discussed above, the post-conviction court may summarily dismiss a petition during its preliminary review if the petition fails to state a colorable claim for relief. *See* Tenn. Sup. Ct. R. 28 § 6(B)(4)(a); T.C.A. § 40-30-106(f). A post-conviction petition must contain "all claims known to the petitioner for granting post-conviction relief." T.C.A. § 40-30-104(d); *see also* T.C.A. § 40-30-106(d) (stating that the petition must "contain a clear and specific statement of all grounds upon which relief is sought"). A post-conviction court is not required to allow a pro se petitioner the opportunity to amend a post-conviction petition in order to add additional grounds for relief or additional factual allegations supporting his claims for relief. *See* T.C.A. § 40-30-106(d); *Harris v. State*, 996 S.W.2d 840, 842 (Tenn. Crim. App. 1999) ("Although the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend the petition to comply with the code section, the statute does not mandate that the judge do so."). Only if the petition survives the court's preliminary review is the court then required to appoint an attorney to an indigent petitioner and allow time for the filing of an amended petition. *See* Tenn. Sup. Ct. R. 28 § 6(B)(3); T.C.A. § 40-30-107. Because Petitioner's pro se petition did not state a colorable claim for relief, the post-conviction court did not err in summarily dismissing it without appointing counsel or allowing Petitioner the opportunity to amend.

*Conclusion*

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -