IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2025

**KING ALLAH JAMES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 318226   Amanda B. Dunn, Judge**

_____

**No. E2024-01703-CCA-R3-PC**
_____

Petitioner, King Allah James, appeals the post-conviction court's summary denial of his petition for post-conviction relief in which he challenged his guilty pleaded convictions for assault, vandalism, and two counts of aggravated assault and his effective six-year sentence.  On appeal, Petitioner contends that the post-conviction court erred in finding that he failed to establish a colorable claim for relief.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

J. Liddell Kirk, Madisonville, Tennessee (on appeal); and King Allah James, Chattanooga, Tennessee, Pro Se (in the post-conviction court).

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; and Coty Wamp, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual and Procedural History**

According to the post-conviction court's order, on September 8, 2023, Petitioner pleaded guilty in three separate cases to assault, vandalism, and two counts of aggravated

assault, and he received an effective six-year sentence to be served on supervised probation.[1] On July 8, 2024, a probation violation report was filed, and a capias was issued.

On August 29, 2024, while Petitioner's probation violation charges were pending, he filed a pro se petition for post-conviction relief. The handwritten, two-page petition did not list the offenses to which Petitioner pleaded guilty or his sentence, and the petition was not verified by Petitioner under oath. As grounds for relief, Petitioner alleged in the petition that

[o]n September 8th 2023 I entered [a] plea of guilty because:

1. I was coerced into entering a guilty plea.

2. I was not in my competent state of mind.

3. There was a conflict of interest with [the p]residing Judge and Attorn[ey.]

4. I am innocent of the alleged crimes.

5. Ineffective counsel[.]

6. I was promised a gift that cause[d] me to plea[d] guilty to crimes I didn't commit by Judge and Attorney [and] also [the] D.A.

Petitioner identified counsel who was originally appointed to represent him and counsel who represented him during the plea hearing. Petitioner stated that counsel who originally represented him had a conflict of interest in that counsel previously represented the "alleged victim" involved in one of Petitioner's prior charges that was later dismissed, and Petitioner identified the "alleged victim" in the petition. Petitioner stated that new counsel was appointed to represent him two days prior to the plea hearing but that prior counsel had negotiated the plea agreement with the State.

According to the post-conviction court's order and Petitioner's appellate brief, Petitioner filed an "Amended Petition for Post-Conviction Relief or Addendum" on September 6, 2024. However, the amended petition is not included in the appellate record.

On September 24, 2024, the post-conviction court entered an order denying Petitioner's post-conviction petition. The court specifically found that "the Amended Petition fails to state a colorable claim for relief" and that "[t]he grounds stated include

---

[1] The guilty plea documents and the judgments are not included in the appellate record.

several conclusions of law and allegations of constitutional violations without any facts to support the assertions." The court made specific findings as to the grounds alleged in Petitioner's amended petition.

The court found that Petitioner made "bare allegations of purported conflicts" with the judge who presided over the plea hearing and the general sessions judge "without a full disclosure of factual bases for the allegations" and that the amended petition failed to "disclose any cognizable conflict that may have existed between himself and the judges at issue." The court stated that Petitioner did not include "any statement of facts" to support his claim that the State failed to disclose material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and his claim that he was denied his right to a speedy trial and to due process. Citing to Petitioner's amended petition, the court found that Petitioner's allegations of conflict of interest, failure to communicate, and misrepresentation against two attorneys who represented him "lack[ed] the requisite factual bases to warrant relief." The court noted that Petitioner failed to set forth any specific facts to support his allegations against one attorney and that as to the other attorney, "there are insufficient facts to even verify that counsel represented a victim in a previous case against the Petitioner, including information as basic as the name of the alleged individual he purportedly represented."

The court noted that Petitioner alleged in the amended petition that he was "coerced and forced" to plead guilty because "he felt a sense of urgency" due to his need to care for his mother, who was ill, and the court found that Petitioner's allegation, when taken as true in a light most favorable to Petitioner, did not warrant post-conviction relief. The court stated that Petitioner's choice between continuing toward trial and remaining in custody or entering a plea to care for his mother did not render the plea involuntary. The court also stated that Petitioner did not allege in his amended petition that he misunderstood the nature of the plea or that he was threatened in order to enter a plea and that "[w]hile the challenges of his family life very likely caused stress for the Petitioner, this allegation does not rise to the level of a constitutional due process violation warranting post-conviction relief."

The court found that Petitioner's allegation in the amended petition that he did not receive a forensic competency evaluation after numerous requests was "factually incorrect." The court stated that neither a written motion for forensic evaluation nor a written order granting any such motion was included in any of the case files. Regarding Petitioner's claim of actual innocence, the court found that the amended petition included no allegation of newly discovered scientific evidence and that claims of actual innocence that are not based on newly discovered scientific evidence are not cognizable claims for post-conviction relief.

Finally, the court found that the amended petition also failed to comply with some of the technical requirements of a post-conviction petition. Specifically, the court stated

that Petitioner failed to "provide the requisite biographical and case identifying information and affidavit necessary for filing." However, the court noted that these "technical errors" were not the "sole basis" for the court's denial of the amended petition.

Petitioner subsequently filed an untimely pro se notice of appeal. This court granted his motion seeking a waiver of the timely filing of his notice of appeal and appointed counsel to represent him on appeal.

## II. Analysis

Petitioner asserts that he included a sufficient factual basis in his post-conviction petition to support his claims for post-conviction relief and that the post-conviction court erred in dismissing his petition without appointing counsel and without holding an evidentiary hearing. The State responds that the post-conviction court based its decision on Petitioner's amended petition, which is not included in the appellate record, and that, therefore, this court must presume that the post-conviction court's findings were correct. The State also responds that Petitioner otherwise failed to establish that the post-conviction court erred in denying his petition without a hearing.

Post-conviction relief is available for a conviction or sentence that is "void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn. Code Ann. § 40-30-103. Code section 40-30-106(d) provides that a post-conviction petition

> must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. Failure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition. If, however, the petition was filed pro se, the judge *may* enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed.

Tenn. Code Ann. § 40-30-106(d) (emphasis added); *see also Harris v. State*, 996 S.W.2d 840, 842 (Tenn. Crim. App. 1999) ("Although the statute grants the trial judge the discretion to allow a pro se petitioner fifteen days within which to amend the petition to comply with the code section, the statute does not mandate that the judge do so.").

When a petition is timely filed, the post-conviction court must determine whether the petition includes a colorable claim for relief. Tenn. Sup. Ct. R. 28, § 2(B)(2). A

- 4 -

colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief." Tenn. Sup. Ct. R. 28, § 2(H). If the court determines that the petition states a colorable claim for relief, the court should enter a preliminary order and appoint counsel if the petitioner is indigent and requests counsel. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004). If the "facts alleged, taken as true, fail to state a colorable claim, the petition shall be dismissed." *Id.*; *see also* Tenn. Code Ann. § 40-30-106(f). This court's review of a post-conviction court's decision to summarily dismiss a petition for post-conviction relief is de novo. *Arnold*, 143 S.W.3d at 786 (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)).

The post-conviction court relied on the allegations in Petitioner's amended post-conviction petition in determining that the amended petition failed to state a colorable claim for relief. However, the amended petition is not included in the appellate record. As the appellant, Petitioner bears the burden of preparing a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing *Vermilye v. State*, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

We conclude that the amended petition is necessary for our review of the issues raised by Petitioner on appeal. Although the State noted the absence of the amended petition from the record in its appellate brief, Petitioner did not file a reply brief or otherwise seek to supplement the record with the amended petition. Due to the absence of the amended petition, we must presume that the post-conviction court's findings are supported by the record. Accordingly, Petitioner is not entitled to relief.

### III. Conclusion

We affirm the judgment of the post-conviction court dismissing Petitioner's petition for post-conviction relief.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE

- 5 -